JOHN R. ZEIMANTZ
FELTMAN EWING, P.S.
421 W. Riverside, Suite 1600
Spokane, WA 99201
Telephone: (509) 838-6800
Facsimile: (509) 744-3436
Email:    johnz@feltmanewing.com

Attorneys for Plaintiff
*THE BOLDT GROUP, INC.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE BOLDT GROUP, INC., | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| NAC, INC. d/b/a NAC ARCHITECTURE, | |
| Defendant. | |

Plaintiff, The Boldt Group, Inc., by its attorneys Ryan Kromholz and Manion, S.C., and John R. Zeimantz and Feltman Ewing, P.S., brings this action against Defendant, NAC, Inc. d/b/a, NAC Architecture, and alleges as follows:

COMPLAINT-1

## PARTIES

1. Plaintiff The Boldt Group, Inc. (hereinafter "Boldt"), is a Wisconsin corporation having a principal place of business address of 2525 N. Roemer Road, Appleton, Wisconsin 54911.

2. Upon information and belief, Defendant NAC, Inc., d/b/a NAC Architecture, (hereinafter "NAC") is a Washington corporation having a principal place of business address of 1203 W. Riverside Avenue, Spokane, Washington, 99201-1107.

## JURISDICTION AND VENUE

3. This is an action arising under at least the trademark laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

4. This Court has personal jurisdiction over Defendant NAC because Defendant NAC is a domestic corporation.

5. This Court also has personal jurisdiction over Defendant NAC because Defendant NAC is engaged in substantial and not isolated activities within this district. Upon information and belief, Defendant transacts business within the Eastern District of Washington; contracts to supply services within the Eastern

COMPLAINT-2

District of Washington; and regularly solicits business and engages in a persistent course of conduct in the Eastern District of Washington; such business and services relating to design, construction, and project delivery that are likely to be confused with Boldt's federally registered trademarks.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) and §1391 (c).

## BACKGROUND

7. Boldt is the owner of U.S. Trademark Registration No. 3,955,152 (the "'152 Registration") for the trademark INTEGRATED LEAN PROJECT DELIVERY for "Construction, repair, and renovation of commercial, industrial, governmental, institutional, educational, recreational, healthcare, and religious buildings and power and bioenergy facilities; and construction of wind turbines. Provide real estate development, construction project planning and development, construction management, and general construction contracting services" in International Class 37. The '152 Registration indicates a date of first use in commerce of July 1, 2010. The '152 Registration is valid, incontestable, and subsisting. A copy of the '152 Registration is attached to the Complaint as Exhibit A.

COMPLAINT-3

FELTMAN EWING, P.S.
Attorneys at Law
1600 PAULSEN CENTER - 421 W. RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0495
509-838-6800; FACSIMILE: 509-744-3436

8. Boldt is also the owner of U.S. Trademark Registration No. 4,007,483 (the "'483 Registration") for the trademark INTEGRATED LEAN PROJECT DELIVERY for "Architectural design and engineering services; conceptual design of commercial, industrial, governmental, institutional, educational, recreational, healthcare, and religious buildings and power and bioenergy facilities and other buildings" in International Class 42, with a date of first use in commerce of January 24, 2011. The '483 Registration is valid, incontestable, and subsisting. A copy of the '483 Registration is attached to the Complaint as Exhibit B.

9. Boldt is also the owner of U.S. Trademark Registration No. 3,929,981 (the "981 Registration") for the trademark ILPD for "Construction, repair, and renovation of commercial, industrial, governmental, institutional, educational, recreational, healthcare, and religious buildings and power and bioenergy facilities; and construction of wind turbines. Provide real estate development, construction project planning and development, construction management, and general construction contracting services" in International Class 37 and "Architectural design and engineering services; conceptual design of commercial, industrial, governmental, institutional, educational, recreational, healthcare, and religious buildings and power and bioenergy facilities and other buildings" in International Class 42, with a date of first use in commerce of July 1, 2010. The '981 Registration

COMPLAINT-4

is valid, incontestable, and subsisting. A copy of the '981 Registration is attached to the Complaint as Exhibit C.

10. Boldt has been using the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks for over eight (8) years in the United States in conjunction with its construction and project management services. Boldt is the senior user in this action.

11. Boldt has expended substantial sums of money and time in the development, advertising, and promotion of the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks. As a result, the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks have achieved recognition and accumulated goodwill, and has come to be recognized and relied on as identifying high quality services originating exclusively from Boldt.

12. Upon information and belief, Defendant uses marks that are likely to confuse or deceive members of the public into believing that Defendant is connected with or associated with Boldt, or confuse as to the origin of the services provided by Boldt.

13. Upon information and belief, Defendant owns and operates the website www.nacarchitecture.com, through which Defendant advertises, markets, and sells design, construction, and project delivery services using the term "Integrated Lean

COMPLAINT-5

Project Delivery," which is likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks. True and accurate screenshots of services offered for sale on Defendant's website are attached as Exhibit D.

14. Defendant uses the terms "Integrated Lean Project Delivery" and "ILPD," which are identical to Boldt's INTEGRATED LEAN PROJECT DELIVERY and ILPD trademark in sight, sound, and meaning.

15. Boldt and Defendant offer and render design, construction, and project delivery services in the same channels of trade to the same class of customers and use the same advertising mediums, including the internet.

16. Consumers and others in the trade are likely to mistakenly believe that Defendant and Defendant's services are franchised, licensed, or approved by Boldt.

17. Defendant had knowledge and notice of the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks and Boldt's rights, goodwill, and valuable reputation in and to the same. Despite having this knowledge, and without authorization, Defendant has used and continues to use marks which are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks for the purpose of taking advantage of Boldt's goodwill and valuable reputation in the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks.

COMPLAINT-6

18.     Defendant's actions are willful, wanton, and in deliberate disregard of Boldt's rights, and are done to cause confusion. Thus, the present case is an exceptional case.

19.     Boldt has previously contacted Defendant in attempts to resolve this dispute. However, Defendant has refused to cease the use of marks that are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks.

20.     On or about June 26, 2017, counsel for Boldt contacted Defendant, and requested that Defendant cease and desist from any further use of "Integrated Lean Project Delivery," "ILPD," or any variation thereof in association with Defendant's business.

21.     On or about August 22, 2017, counsel for Defendant subsequently denied Boldt's request for Defendant to cease using marks "Integrated Lean Project Delivery," or any variation thereof stating that Defendant "will not be complying" with Boldt's demands and will continue using Boldt's INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks while promoting its construction and project delivery services.

COMPLAINT-7

## COUNT I

## Infringement of Federally Registered Trademark – 15 U.S.C. § 1114

22. Boldt realleges and incorporates by reference paragraphs 1-21 of the Complaint.

23. This Count arises under 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of the two (2) INTEGRATED LEAN PROJECT DELIVERY trademarks and one (1) ILPD trademark.

24. Defendant is, without consent of Boldt, using in commerce colorable imitations of the federally registered INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks in connection with the offering and rendering of design, construction, and project delivery services, and such use is likely to cause confusion, mistake, or to deceive. These acts have been committed with knowledge and with the intent to cause confusion, mistake, or to deceive.

25. Defendant has used in commerce marks that are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks for identical services, namely design, construction, and project delivery.

26. Defendant's conduct is willful and with full knowledge of Boldt's prior use of and rights in the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks.

FELTMAN EWING, P.S.
Attorneys at Law
1600 PAULSEN CENTER - 421 W. RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0495
509-838-6800; FACSIMILE: 509-744-3436

27. Defendant's use of confusingly similar imitations of the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks is without authorization, permission or consent.

28. Defendant's wrongful conduct has damaged Boldt, and Boldt has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue to infringe Boldt's INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks, and the resulting damage to Boldt will be substantial, continuing, and irreparable.

29. As a direct and proximate result of Defendant's violation of Boldt's trademark rights, Boldt has been damaged in an amount to be determined at trial. Defendant is also liable for treble damages and attorneys' fees.

## COUNT II
### Common Law Trademark Infringement

30. Boldt realleges and incorporates by reference paragraphs 1-29 of the Complaint.

31. Boldt has common law rights in the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks in connection with specific services. Defendant is using marks that are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks on services that are identical to the

COMPLAINT-9

services specified in the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks.

32. Despite its actual and constructive knowledge of Boldt's ownership and prior use of the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks, Defendant has continued to use confusingly similar marks without Boldt's authorization or consent.

33. Defendant's actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Boldt in the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks.

34. As a direct and proximate result of Defendant's violation of Boldt's trademark rights, Boldt has been damaged in an amount to be determined at trial. Defendant is also liable for treble damages and attorneys' fees.

## COUNT III
### False Designation of Origin – 15 U.S.C. § 1125(a)

35. Boldt realleges and incorporates by reference paragraphs 1-34 of the Complaint.

36. This Count arises under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for false designation of origin.

COMPLAINT-10

FELTMAN EWING, P.S.
Attorneys at Law
1600 PAULSEN CENTER - 421 W. RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0495
509-838-6800; FACSIMILE: 509-744-3436

37.     Defendant has adopted marks that are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks in connection with the sale of identical services, namely the design, construction, and project delivery. This constitutes false designation of origin and association and unfair competition, which are likely to cause confusion, mistake or deceive as to affiliation, connection or association of Defendant with Plaintiff, Boldt, and/or as to origin, sponsorship or approval of Defendant's goods by Plaintiff, Boldt, in violation of 15 U.S.C. § 1125(a).

38.     As a direct and proximate result of Defendant's violation of Boldt's trademark rights, Boldt has been damaged in an amount to be determined at trial. Defendant is also liable for treble damages and attorneys' fees.

## COUNT IV
### Common Law Unfair Competition

39.     Boldt realleges and incorporates by reference paragraphs 1-38 of the Complaint.

40.     Defendant's acts constitute unfair competition and misappropriation of Boldt's name, business reputation, and goodwill, under the common law of the State of Washington.

COMPLAINT-11

FELTMAN EWING, P.S.
*Attorneys at Law*
1600 PAULSEN CENTER - 421 W. RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0495
509-838-6800; FACSIMILE: 509-744-3436

41.  Defendant's acts are intended to trade on Boldt's name, reputation, and goodwill.

42.  Defendant's wrongful conduct has damaged Boldt, and Boldt has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue to infringe Boldt's INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks, and the resulting damage to Boldt will be substantial, continuing, and irreparable.

43.  As a direct and proximate result of Defendant's violation of Boldt's trademark rights, Boldt has been damaged in an amount to be determined at trial. Defendant is also liable for treble damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Boldt, requests judgment and relief, and requests that the Court:

(A)  Find that Defendant has committed trademark infringement;

(B)  Enter judgment for Boldt on all Counts of the Complaint;

(C)  Issue a permanent injunction including, but not limited to, an Order enjoining Defendant from using any marks which are likely to be confused with the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks in connection with Defendant's business;

COMPLAINT-12

FELTMAN EWING, P.S.
Attorneys at Law
1600 PAULSEN CENTER - 421 W. RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0495
509-838-6800; FACSIMILE: 509-744-3436

(D)    Direct Defendant to account for all services under any mark confusingly similar to the INTEGRATED LEAN PROJECT DELIVERY and ILPD trademarks, whether offered or rendered, and to cease all such services;

(E)    Award Boldt its actual damages in an amount to be proved at trial;

(F)    Order an accounting by Defendant of any profits derived from its wrongful acts;

(G)    Treble the amounts awarded to Boldt pursuant to 15 U.S.C. § 1117;

(H)    Award Boldt its reasonable attorneys' fees and expenses incurred in connection with bringing this action pursuant to 15 U.S.C. § 1117;

(I)    Charge all costs of this action against Defendant;

(J)    Find Defendant's conduct to be willful and wanton;

(K)    Find this to be an exceptional case; and

(L)    Grant such other and further relief as this Court deems just and proper.

COMPLAINT-13

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Boldt hereby demands and requests a trial by jury of all claims and issues so triable.

DATED: June 4, 2018

_____
JOHN R. ZEIMANTZ, WSBA #9502
Email: johnz@feltmanewing.com
*Attorneys for Plaintiff*
*THE BOLDT GROUP, INC.*


JOHN M. MANION
Email: jmanion@rkmiplaw.com
JOSEPH A. KROMHOLZ
Email: jkromholz@rkmiplaw.com
KEITH REESE-KELLEY
Email: kreese-kelley@rkmiplaw.com

RYAN KROMHOLZ & MANION, S.C.
P.O. Box 26618
Milwaukee, WI 53226
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

*PRO HAC VICE*
*Attorneys for Plaintiff*
THE BOLDT GROUP, INC.

COMPLAINT-14